IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KIMBERLY R. BRYANT, | § | Civil Action No. |
| | § | |
| Defendant, | § | 3:10-CV-2271-K |
| | § | |
| and | § | |
| | § | |
| TEACHER RETIREMENT | § | |
| SYSTEM OF TEXAS, | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff United States of America's ("the United States") Motion to Alter or Amend Judgment (Doc. No. 16). The Court has considered the motion, the response, the reply, and the applicable law. Because Defendant Kimberly Bryant has a nonexempt interest in the funds held for her benefit by Garnishee Teacher Retirement System of Texas ("TRS"), and because TRS's concerns about the logistics of enforcement may be allayed with specific instructions in the writ, the motion is **GRANTED**. The final order of garnishment will issue in a separate document.

I.  Background

In 2006, Ms. Bryant pleaded guilty to defrauding several large office supply stores by drawing on fictitious lines-of-credit for high value supplies, in violation of 18 U.S.C. § 1029(a)(2).  She was placed on probation for three years and, under the Mandatory Victims Restitution Act of 1996, Ms. Bryant was ordered to repay $22,541.24.

On November 9, 2010, the United States filed this case and sought a writ of garnishment for Ms. Bryant's assets held by TRS, which was issued on November 16, 2010.  TRS is a public pension plan which provides retirement benefits for Texas public education and higher education employees.  As a public education employee, Ms. Bryant has accrued benefits held by TRS over the course of her career.  TRS objected to the writ on the grounds that Ms. Bryant did not have a present right to the funds held by TRS. *See* Doc. No. 8 at ¶ 7.  As an employee of a participating employer, Ms. Bryant was required to contribute 6.4% of her paycheck to TRS, but Ms. Bryant does not have a right to access the funds until she quit her job, was terminated, or retired.  *Id*.; TRS's Resp. at ¶ 2–3.  This Court agreed with TRS's position, and issued an order quashing the writ of garnishment on April 5, 2011.

The United States filed this motion to alter or amend judgment on May 2, 2011, seeking to reinstate the writ.

## II. Legal Standards and Analysis

A district court's garnishment order is reviewed for an abuse of discretion. *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010). In general, a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . ." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010).

Under the Federal Debt Collection Procedures Act ("FDCPA"), a writ of garnishment may issue against property in which the judgment debtor holds a substantial, nonexempt interest and is in the possession, custody, or control of a person other than the debtor. 28 U.S.C. § 3205 (2006). "Property" means any present or future interest, whether legal or equitable, in real, personal, or mixed property, whether vested or contingent. 28 U.S.C. § 3002(12) (2006). The United States argues that the FDCPA permits a writ of garnishment to issue whether or not the debtor has a present right to the funds, citing the broad definition of "property" above and *United States v. Novak*, 476 F.3d 1041, 1060 n.18 (9th Cir. 2007). In *Novak*, a case concerning garnishment of a debtor's pension funds following several convictions, the Ninth Circuit noted the FDCPA could allow a writ of garnishment to require a third party to turn over funds owed to the judgment debtor as they become due. *Id*. This Court agrees with that assessment, and concludes the FDCPA permits a writ of garnishment to issue as to property in which a debtor has a vested future interest, such as future pension benefits.

In response, TRS argues the writ would place an undue burden on the state of Texas, and its taxpayers, to recognize when Ms. Bryant ceases employment with all of the 1,300 TRS-covered employers and becomes eligible to receive her funds. TRS Resp. at ¶ 4. TRS also argues the fact that Ms. Bryant has ceased making contributions to TRS would not necessarily be an indication that was eligible for a distribution: she could be on leave without pay under the Family and Medical Leave Act, or she could be switching employers during the summer months, something not uncommon among public school employees. *Id.* at ¶ 5. TRS is worried that any delay in forwarding the funds now eligible for distribution would result in interest running on the amount payable, creating a liability for TRS. *Id.*

Given the expansive definition of "property" under 28 U.S.C. § 3002(12), this Court concludes a writ of garnishment may issue as to Ms. Bryant's interest in the funds held on her behalf by TRS. As to TRS's practical concerns about how such a writ would function, the United States has proposed a compromise: an order that compels TRS to transfer the funds it holds for Ms. Bryant only when TRS has been notified, either through a distribution request by Ms. Bryant or notification from the United States, that Ms. Bryant's TRS funds are eligible for disbursement. The onus will be on the United States to notify TRS of the possibility of a distribution from Ms. Bryant's account, unless Ms. Bryant herself requests a distribution first. The Court considers this a fair and workable solution.

## III. Conclusion

In sum, the United States' motion to alter or amend judgment is **GRANTED**. A final order of garnishment shall issue in a separate document, with instructions on when TRS's obligation to transfer funds held for Ms. Bryant becomes effective.

**SO ORDERED.**

Signed July 26th, 2011.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE